

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 28, 1972

Hon. Clayton T. Garrison
Executive Director
Parks & Wildlife Department
Austin, Texas 78711

Opinion No. M- 1226

Re: Whether Federal or State law controls where Federal laws are adopted by Article 1722a, Vernon's Penal Code, and a conflict exists in the State and Federal laws.

Dear Mr. Garrison:

You have requested our opinion as to a proper interpretation of certain provisions of Article 1722a, Vernon's Penal Code, the Water Safety Act, wherein that statute adopts Federal laws, rules and regulations by reference. Your request for our opinion is detailed, but in each of the four questions asked, your underlying inquiry is whether standards specified or the Federal rules and regulations adopted control.

You further ask whether state laws of Texas requiring a more stringent lighting system on sailboats would govern over Federal rules thereon.

We state your questions together with our answers thereto:

(1)  Is Article 1722a, V.P.C., Section 8, subsection (b) in conflict with Section 8, subsection (c) and Section 14 of this act as to the lighting requirements for Class A, 1, 2, 3 motorboats when propelled by sail alone.

ANSWER:  No, the requirements of Section 8, subsection (b)(3) and Section 14 (The United States Coast Guard Inland Rules) are identical.

(2)  Is Article 1722a, V.P.C., Section 9, subsection 5 (second paragraph), relating to lighting requirements of sailboats, in conflict with Section 8, subsection (c) and with Section 14.

ANSWER:  Yes.

On August 11, 1972, the Acting Commandant of the U.S. Coast Guard, under authority of Section 9 of the Federal Boat Safety Act of 1971, 46 U.S.C. 1458 and 49 C.F.R. 1.46(o), ruled that:

> "...I hereby exempt the State of Texas and political subdivisions thereof from the provision of Section 10 of the Federal Boat Safety Act of 1971 to the extent that they may continue in effect and enforce the following laws: Title 19, Article 1722a, Texas Penal Code, amended by Acts 1971, 62nd Legislature, p. 2929, Chapter 971, effective September 1, 1971, containing requirements for carrying and using approved lifesaving devices, ventilation equipment, lighting equipment, sounding equipment, mufflers, backfire flame arrestors, and fire extinguishers."
> Federal Register, Vol. 37, No. 161, p. 16691.

Based upon the above waiver or exemption, Section 9, subsection 5, which is more stringent than Section 14, controls, and sailboats would have to be lighted as Class A vessels. Section 8, subsection (c) is not applicable because it concerns motorboats only.

(3)   Is Article 1722a, V.P.C., Section 9, subsection 5 (second paragraph, relating to canoes, punts, rowboats and rubber rafts being required to be lighted as Class A vessels) in conflict with Section 8, subsection (c) and with Section 14.

ANSWER:   Yes, the answer would be the same as that given to Question 2. Again, Section 8, subsection (c) is not applicable.

(4)   Is there a conflict between the requirement in Section 9, subsection (5), (second paragraph) relating to the lights required "for Class A vessels..." and the reference in that section to Section 8, subsection (b)(1) and with Section 14.

ANSWER:   No, again the requirements of Section 8, subsection (b)(1) and Section 14 are identical.

The foregoing requirements apply to vessels when not at dock in all weather from sunset to sunrise.  Art. 1722a, Section 8, subsection (b).

## S U M M A R Y

When there is a conflict between Federal and State law standards concerning the lighting of navigable vessels, both of which are set forth in Article 1722a, V.P.C., the more stringent Texas law applies on inland waters until the Commandant of the U.S. Coast Guard rescinds or terminates his waiver.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles Lind
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harold Kennedy
Bill Campbell
Mike Stark
Bill Flanary

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant